Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
CHOUET'PRESS SAS d/b/a BESTIMAGE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOUET'PRESS SAS d/b/a BESTIMAGE,<br><br>   *Plaintiff*,<br><br>v.<br><br>RESURRECTION VINTAGE CLOTHING CORP.,<br><br>   *Defendant*. | Case No. 2:26-cv-7091<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><br><br>*Jury Trial Demanded* |

Plaintiff Chouet'Press SAS, doing business as BestImage, alleges as follows:

## JURISDICTION

1.  This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), § 1338 (copyright).

## PARTIES

2.  BestImage is an entity organized and existing under the law of the country of France, with its principal place of business in Paris, France.

3.  BestImage is a global premier celebrity news and photo agency that provides the world's top news outlets with real-time content from some of the world's top photographers.

4.     Defendant Resurrection Vintage Clothing Corp. is a globally recognized international source for luxury designer vintage, collectible clothing and accessories for women.

5.     On information and belief, Resurrection Vintage is a corporation organized and existing under the laws of the State of New York with its executive office and principal place of business in Los Angeles, California.

6.     On information and belief, Resurrection Vintage is the owner or operator of the social media account @resurrectionvintage on Instagram, or is otherwise responsible for the content that appears on that account.

7.     This Court has personal jurisdiction over defendant Resurrection Vintage because, with its executive office and principal place of business in Los Angeles, the company is "at home" in this State and judicial district.

8.     Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *The Infringed Image*

9.     Plaintiff is the owner and copyright holder of a photographic image depicting celebrity model, entrepreneur, and media personality Kendall Jenner at Paris Fashion Week in a black dress (the "Photograph")

10.     Within 90 days of first publication, the Photograph was registered to BestImage with the U.S. Copyright Office as Registration No. VA 2-374-361 (eff. Nov. 7, 2023) in compliance with the Copyright Act.

### *Defendant's Unauthorized Use*

11.     BestImage never licensed the Photograph to Resurrection Vintage. Nevertheless, defendant used the Photograph without authorization or permission from plaintiff to do so.

12.     Specifically, Resurrection Vintage or someone acting on its behalf copied the Photograph, stored it on internal server or hard drives, and displayed it on Instagram, via the @resurrectionvintage account, on June 29, 2023.

COMPLAINT

*Defendant's Infringement Harmed BestImage*

13.  Resurrection Vintage's unauthorized use of the Photograph harmed the market for the original Photograph, especially when such use occurred at or around the same time as licensed copies of the Photograph were publicized.

14.  On information and belief, at the time that Resurrection Vintage copied and displayed the Photograph, it knew that it did not have authorization or permission to do so. Resurrection Vintage operates in an industry in which copyrights are prevalent and well-understood. Based on this knowledge, and understanding, defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Photograph, and/or it acted recklessly by posting the Photograph without determining the right to do so.

## CLAIM ONE

### (For Copyright Infringement)

15.  All prior paragraphs are incorporated into this claim.

16.  BestImage is the author and copyright owner of the protected Photograph named above in this Complaint.

17.  Defendant reproduced, displayed, or otherwise copied the Photograph without BestImage's authorization or license.

18.  The foregoing acts of defendants infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to reproduce and distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

19.  BestImage has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced work in accordance with 17 U.S.C. § 408.

20.  BestImage suffered damages as a result of Ms. Hadid's unauthorized use of the Photograph.

21.     Having timely registered its copyright in the Photograph, BestImage is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

22.     Defendant was aware of the importance of copyright protection and knew that it needed to have but did not have permission to use the Photograph, and/or it acted recklessly by posting the Photograph without determining its right to do so. Such actions will support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

23.     In the alternative, BestImage is entitled to recover its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

24.     Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

25.     Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests the following:

A.     For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell the Photograph described in the Complaint;

B.     For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C.     Under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

COMPLAINT

D.     For actual damages and all profits derived from the unauthorized use of plaintiff's Photograph or, where applicable and at plaintiff's election, statutory damages;

E.     For an award of pre-judgment interest as allowed by law;

F.     For reasonable attorney fees;

G.     For court costs, expert witness fees, and all other costs authorized under law;

H.     For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated:  June 29, 2026          Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:     /s/ Peter Perkowski
          Peter E. Perkowski

          Attorneys for Plaintiff
          CHOUET'PRESS SAS
          d/b/a BESTIMAGE

COMPLAINT